OPINION
In 1977, defendant-appellant, Ronald L. Slatton, was convicted of rape and sentenced to four to twenty-five years in prison. Slatton's conviction was affirmed on direct appeal. State v. Slatton (May 17, 1978), Butler App. No. CA77-07-088, unreported. The denial of two subsequent petitions for postconviction relief were likewise affirmed on direct appeal. State v. Slatton (Jan. 16, 1980), Butler App. No. CA79-01-002, unreported; State v. Slatton (Dec. 30, 1996), Butler App. No. CA96-09-184, unreported.
Upon receipt of a recommendation from the Ohio Department of Rehabilitation and Correction, the trial court conducted a hearing pursuant to R.C. 2950.09(C) and determined that Slatton was a sexual predator as defined by R.C. 2950.01(E). This appeal follows.
Slatton's first assignment of error claims that he was denied the effective assistance of counsel at his sexual predator hearing. Sexual offender classification hearings conducted pursuant to R.C. 2950.09 are civil in nature. State v. Wilson (Nov. 13, 2000), Fayette CA99-09-024, unreported. Slatton asserts his ineffective assistance of counsel claim under his Sixth Amendment right to counsel. In civil cases, there is no constitutional right to representation under the Sixth Amendment; however, in civil proceedings involving attempts to restrict a defendant's life, liberty or property a due process right to counsel is guaranteed by the Fifth Amendment to the United States Constitution as applied to the states by the Fourteenth Amendment. Id. See, also, Rothv. Roth (1989), 65 Ohio App.3d 768; State v. Whorton (Aug. 21, 1998), Hamilton App. No. C-970901, unreported.
Slatton submits that counsel was ineffective for failing to emphasize the "good points" within his psychological examination, and that counsel made no effort to seek an independent evaluation, investigate witnesses, or permit Slatton to say anything on his own behalf. We have reviewed the record of the classification hearing and find that counsel emphasized the rehabilitative classes Slatton attended during his incarceration. Furthermore, the sentencing judge indicated that he had reviewed the forensic report and determined that Slatton was a sexual predator. The forensic report, while containing some positive points, generally portrays appellant as an individual with a propensity for sexually abusing younger boys.
We cannot say, with any certainty, that had counsel, as requested by Slatton, brought specific aspects of the report to the court's attention, the outcome would have necessarily been different. Accordingly, we do not believe that Slatton was denied due process or the effective assistance of counsel during his classification hearing. The first assignment of error is overruled.
In his remaining assignments of error, Slatton claims that the trial court: (1) failed to follow the hearing procedures outlined in R.C.2950.09(B); (2) considered a forensic report that erroneously referenced Slatton's expunged juvenile record; and (3) rendered a decision that was against the weight of the evidence.
Slatton claims that during the hearing, he was denied the opportunity to testify, present evidence, have an independent psychological evaluation, and examine expert witnesses regarding his status as a sexual predator. However, we find that the hearing was properly conducted pursuant to R.C. 2950.09. Counsel's decisions regarding use of witnesses and presentation of evidence were within the realm of effective assistance and will not be second-guessed on appeal. See State v. Smith
(1996), 115 Ohio App.3d 419.
The forensic report reveals that since turning eighteen, Slatton constantly and repeatedly preyed on younger boys, forcibly compelling them to engage in sexual conduct with him. Slatton does not specify what evidence, if any, he would have submitted at the hearing. Furthermore, the report's reference to Slatton's expunged juvenile record was, in our opinion, harmless given Slatton's adult criminal history and his multiple sexually-oriented offenses.
Finally, the record supports the court's determination that Slatton was a sexual predator, and such finding was not against the weight of the evidence.
For the reasons set forth above, Slatton's second, third and fourth assignments of error are hereby overruled.
Judgment affirmed.
 __________ POWELL, J.
VALEN, P.J., and WALSH, J., concur.